## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1864.

IN THE TWENTIETH YEAR OF THE STATE.

PRESENT:

Hon. GEORGE G. WRIGHT, CHIEF JUSTICE.
" RALPH P. LOWE,
" JOHN F. DILLON, } JUDGES.
" CHESTER C. COLE,

---

### COY v. THE CITY COUNCIL OF LYONS CITY.

1. Mandamus: CORPORATION: DISCRETION. The duty to levy a tax not exceeding the maximum limit of the power of taxation, for the payment of a judgment duly rendered, upon which execution has been issued and returned *nulla bona*, does not rest in the discretion of the council of a municipal corporation; but the discharge of such duty may be enforced by *mandamus*.

VOL. XVII.—1

Coy v. The City Council of Lyons City.

2. —— PRIORITY OF MUNICIPAL INDEBTEDNESS. The creditor of a municipal corporation, who recovers judgment on his debt, demands payment thereof, and, upon refusal of the same, institutes proceedings by mandamus to compel the levy of a tax for the payment of the same, by his diligence acquires a priority over simple contract creditors; and the taxes thus assessed may be set apart as a special fund for the payment of such judgment.

3. —— LIMITATION OF TAXATION. When the limitation on the power of a city council renders it impossible to raise sufficient by a single levy to pay off a judgment which is made the basis of an application for mandamus, it is competent for the court to order that additional levies be made from year to year until the entire indebtedness is discharged.

4. —— ORDER TO LEVY TAXES: ERROR WITHOUT PREJUDICE. The District Court, without data of the taxable property of a municipal corporation, ordered that it should levy a tax, not exceeding the legal limit, sufficient to pay a certain judgment. *Held*, that, if it was erroneous, it was error without prejudice to the corporation.

5. —— GROUND FOR MANDAMUS. A debt, while it remains in its original form as a simple contract, cannot be made the basis of an application for a mandamus to compel the levy of a tax, unless it was contracted under a law or vote authorizing such proceeding to enforce its payment.

6. Corporation: JUDGMENT. When a debt of a municipal corporation has been reduced to a judgment, and it can be paid in no other way, it is the duty of the authorities to levy and collect a tax, within the limit of the power to levy taxes, and sufficient for the payment of the same; and such tax should be set apart and applied only to the purpose for which it was levied.

7. Judgment: MERGER OF EQUITIES. The equities which attach to a debt are merged into a judgment therefor, and cannot be asserted against an application for a mandamus to enforce the payment of the same.

*Appeal from Clinton District Court.*

MONDAY, JUNE 27.

THE plaintiff, having recovered judgment against the defendant, Lyons City, for two thousand four hundred and eighty-five dollars debt, besides costs, upon which execution had been issued and duly returned no property found, made a written demand of the city council for immediate payment, and that they, as soon as possible, levy and col-

lect a tax in money to pay the same; which being refused, the plaintiff brought his suit to compel the city council to so levy and collect such tax, and on final hearing a peremptory mandamus was granted, and defendant appeals. The further facts are sufficiently stated in the opinion of the Court.

*A. R. Cotton* for the appellant.

*Ellis Bros.* for the appellee.

COLE, J.—On the final hearing of the cause, the following facts were admitted by the parties: 1st. That defendant is an incorporated city, with mayor and council; 2d. That plaintiff obtained judgment as claimed; 3d. That it is unpaid; 4th. That an execution was duly issued and returned no property; 5th. That plaintiff had duly demanded payment, and also demanded the levy and collection of a money tax sufficient to pay plaintiff's claim; 6th. That defendant refused to pay or levy the tax, and also refused to pay a part in city orders, but offered to pay the whole in city orders; 7th. That at no time since the judgment had there been money in the city treasury to pay it; that plaintiff is personally interested, is damaged by the delay in payment, and that the city council alone have the power to levy the tax; that the city is so otherwise indebted that all the ordinary taxes will be paid in city orders; that the taxes levied will only pay ordinary expenses and interest on city debt; 8th. That about the time of demand by plaintiff the ·council levied a tax of five mills, when by the city charter a tax of ten mills could be levied; 9th. That plaintiff's debt was for land for a city cemetery, and by sale of lots it could be ultimately paid without levying a tax, and that plaintiff had received the proceeds of all such sales, and defendants are willing to make such proceeds a special fund for plaintiff; 10th. That

the city had possession of the cemetery; and, 11th. That under the charter it is discretionary in the city council to levy a tax not exceeding ten mills per cent on the property within the city liable to taxation for State and county purposes, besides three mills for road purposes, and that the city council have annually for years levied a tax under said law, and for 1862 they levied five mills on the dollar, besides road tax, and that to apply such tax to the payment of plaintiff's claim would deprive the city of the means of discharging its ordinary functions.

I. The first error assigned is, that under the law it is a matter of discretion with the council to determine the rate of tax within the maximum limit, and the Court cannot control this discretion; nor is there any law or contract making it the duty of the council to levy a tax expressly to pay plaintiff's judgment.

1. MANDA-
MUS : cor-
poration.

It is true, as a general rule, and is, indeed, universal, that where a tribunal is clothed with discretion as to a particular matter, a court can, by mandamus, compel the tribunal to act, but cannot control its discretion in the performance of that act. But this rule is limited to tribunals having a purely discretionary power in the matter, and cannot be extended to boards or persons upon whom the law has devolved a duty which can only be performed by the exercise of discretion in a certain manner. Every person and corporation has a purely discretionary power over his and its own property; but no person or corporation is permitted, under the law, to avoid the payment of his or its just debts, which is a duty devolved upon them by the law, and which no plea of discretionary power can defeat.

Our statute very clearly recognizes this distinction as to discretionary power. Section 3761 of the Revision provides that "the writ of mandamus is an order of a court of competent jurisdiction, and issues from the District

Court, commanding an inferior tribunal, corporation, board or person to do, or not to do, an act, the performance or omission of which the law specially enjoins as a duty resulting from an office, trust or station * * *." Section 3763 then further provides that "where a discretion is left to an inferior tribunal, the writ of mandamus can only compel it to act. It cannot control the discretion of an inferior tribunal."

This statute, by express language, limits the power of the Court in controlling discretion to "inferior tribunals;" while the former section gives the Court express power to compel "corporations, boards and persons" "to do or not to do" a particular act enjoined as a resulting official duty. The city council of Lyons may have a discretion beyond the control of courts in fixing the rate of levy for ordinary city purposes; but where a creditor has obtained a judgment which can only be paid by the levy of a particular rate of tax for a given year, a duty is thereby devolved upon the city council to levy such rate of tax, not exceeding the maximum limit, as will pay off such judgment. That duty results from the plain moral, as well as legal, obligation the city is under to pay its debts; and no discretion within the limits of the performance of that duty can be rightfully claimed by the city council. The discretion which they may exercise in such case is not an independent personal discretion, but a legal discretion, which they must exercise in accordance with their plain legal duty, or, upon their failure so to do, the courts will, under the common law, as well as the statute, compel such performance.

II. The second error assigned is, that the Court erred in directing the payment to plaintiff exclusively of the additional five mill tax ordered to be levied; for that it was not the duty nor had the council the power to do so, nor had plaintiff any priority over other creditors of the city.

*2. —— Priority of municipal indebtedness.*

It was the duty of the city council to levy the tax, because the city owed the plaintiff the amount of the judgment, and it could, as appears by the agreed facts, be paid in no other way. The city council possess the power to levy a tax, not exceeding ten mills; and although there may be no express legislation authorizing the city council to provide a special fund, it is clearly within their power to levy the tax and appropriate, or in advance to set apart, the proceeds of it to a particular purpose. The plaintiff, by the recovery of his judgment (which is the only one against the city), and by a demand of its payment and the levy of a tax therefor, acquired such priority over other creditors as the law affords to the diligent, and as entitles him to have his debt first paid; and an order therefor is no prejudice to, or adjudication of, the rights of any other simple contract creditors.

III. The third, fourth and fifth assignments of error are fully disposed of by the foregoing disposition of the first and second.

3. —— Limitation of taxation. IV. The sixth assignment of error is, that the Court erred in directing the city council as to the levy of an additional tax for the years subsequent to 1863, in case the five mill tax of that year did not satisfy plaintiff's judgment.

We see no great objection to the action of the Court in this particular. The plaintiff holds his judgment, and has demanded payment and the levy of a tax to satisfy it, and brings his action for mandamus to compel such levy. The defendant shows, in defense, that the city council has no authority to levy exceeding a certain rate per cent, which may not, in one year, satisfy the judgment. The object of the suit is to compel payment, and the defense only shows an inability, under the law, to levy sufficient to satisfy it in one year, but a clear ability to do it in subsequent years. The Court having jurisdiction of the case,

and it being within the case made, the relief sought and asked for by the petition, will grant complete relief by providing for the payment of the whole debt, and will not turn the plaintiff out of court with only a partial relief and remit him to his subsequent actions of mandamus for further or full relief. The law abhors a multiplicity of actions for mandamus, as well as other kinds of actions; and where it is within the case made, and relief asked, and the Court has the jurisdiction and authority to do so, it will grant full and complete relief.

4. —— Order to levy taxes, etc. V. The eighth assignment is, that the Court erred in ordering a levy of five mills for 1863, without the data of taxable property to show how much it would yield.

No such question seems to have been made to the court below; but if it had, it is difficult to see how the decision could prejudice the defendant. The substance of the judgment is, that the defendant shall levy a tax, not exceeding the legal limit, sufficient to pay plaintiff's claim. The object is simply to pay the plaintiff's demand; and if a less rate than that specified would accomplish that object, and the city council should, by the levy of a less rate, pay off the judgment, such action would be a substantial compliance with the mandamus, and exempt them from attachment or other process for contempt of court or disobedience of its process. If it was error, therefore, it was error without prejudice.

4. —— Ground for mandamus. VI. The seventh, ninth and tenth assignments of error were disposed of by the foregoing, they being substantially embraced in the others. Where a debt remains in its original form, as a simple contract debt, the creditor has no legal right to a mandamus to compel the city to levy and collect a tax for its payment, unless the debt is contracted under a special law or vote authorizing such proceeding to enforce its payment. But where

the debt has been reduced to a judgment, there is then devolved upon the city authorities a perfect legal duty and obligation to provide for its payment; and if that can be done in no other way, then it must be done by the levy and collection of a tax within the limits of the corporate authority of the city therefor; and, of course, such tax should be set apart and applied to the object for which it is levied.

7. JUDG-
MENT: mer-
ger of equi-
ties.

The consideration of the debt upon which this judgment was rendered cannot affect the rights of the judgment creditor in this proceeding. The judgment was a merger of any equities which attached to the debt, and it is too late now to set them up.

Affirmed.