Palmer v. Jones.

---

## PALMER v. JONES ET AL.

1. **Mandamus:** JURISDICTION. In a *mandamus* proceeding against the officers of a town, to compel them to levy a tax to pay a judgment, a judgment was rendered directing that a part of the revenue of the town be set apart for that purpose, and the case was then continued from term to term, until the petition was amended by substituting the names of the incumbents instead of the parties in office at the time the proceeding was commenced. A notice was served upon the original parties, but no new petition was filed. The defendants named in the amendment then appeared, without further service: *Held*, that the failure to file a petition did not effect a dismissal of the case, as the defendants appeared in the pending case.

2. ——: ——. If the remedy in a *mandamus* proceeding requires more than one act, the action continues until they are all ordered by the court, and fully performed.

3. ——: ——: INSUFFICIENT LEVY. The fact that the court did not direct the levy of a tax sufficient to pay the whole judgment in one year did not constitute error.

4. ——: ——: CONTINUANCE. The court had jurisdiction to order a continuance of the cause after the order was made requiring a levy of the tax.

*Appeal from Kossuth District Court.*

THURSDAY, OCTOBER 24.

MANDAMUS. There was a judgment in the court below for plaintiff. Defendants appeal. The facts of the case appear in the opinion.

*Starr, Patterson & Harrison,* for appellants.

*George E. Clarke* and *Charles A. Clark,* for appellee.

BECK, J.—I. The plaintiff is the assignee of a judgment against the town of Algona and William H. Ingham and Lewis H. Smith. In 1875 he instituted a *mandamus* proceeding against the town to compel it to levy a tax sufficient to pay the amount due on his judgment. A judgment was rendered in the case requiring the town to set apart, and apply in payment of the judgment, all the revenue derived from taxation for the year 1875, except six hundred dollars. The cause was then continued to the next term of court. From this judgment defendant appealed, and it was affirmed by a decision of this court. See 44 Iowa, 340.

The cause was continued from term to term, either by consent or order of the court, until the March Term, 1877, when plaintiff amended his petition by submitting the names of the different town officers in place of the names of their predecessors, which appeared in the proceedings. Prior to this term plaintiffs caused a notice to be issued to the former city officers, in form of an original notice. At the term defendants named in the amendment of the petition filed by plaintiff appeared and moved the court to dismiss the action, for the reasons that no petition was filed, that the amendment does not set up a cause of action, and does not constitute a petition, and that the cause has been fully determined, and no new trial has been ordered, and it cannot again be tried. This motion was overruled. Defendants then moved the court to strike the

Palmer v. Jones.

cause from the docket, for the following reasons: *First*, it was improperly docketed, having been fully disposed of, and the continuances of the cause from term to term were contrary to law, and void; *second*, the court has no jurisdiction to hear and determine the cause, no hearing having been asked or ordered; *third*, no new pleading has been filed in the case; *fourth*, defendants have not had notice to appear in any new proceeding, and cannot be required to continue their appearance ·after final judgment in the case. This motion was overruled. Substantially the same objections to further proceedings in the case were renewed, in a paper filed by defendants, but they were again overruled. No further appearance was made by defendants. Upon the oral motion of plaintiff for a further writ to issue, commanding defendants to levy a special tax sufficient to satisfy the judgment, the court ordered a peremptory writ of *mandamus* to issue, directed to defendants and their successors in office, commanding a levy of a tax of ten mills on the dollar, each year thereafter, to be applied to the payment of plaintiff's judgment until it be wholly discharged. To all of these proceedings defendants duly excepted, and assign errors thereon in this court.

II. The objection based upon the ground that no petition was filed, pursuant to the recitals in the notice, will be first considered. Conceding the notice related to a new case made by a new petition to be filed—a conclusion warranted by its language—all that can be claimed is that the failure to file the petition worked the dismissal of such a case. But as defendants appeared to the pending case, their appearance was sufficient to bring them into court, and require them to answer therein. This view sufficiently disposes of the first point.

1. MANDAMUS: jurisdiction.

III. The other points made by defendants in the motion, and subsequent objections, may be considered together. They relate to the proceedings had in the case since the order reviewed upon appeal here, and challenge the jurisdiction of the court to entertain them.

2. —: ——.

We will first briefly consider the nature and purpose of the action of *mandamus*. It is designed to enforce the performance of an official duty when the exercise of official authority, in the discharge of such duty, is demanded to protect private rights, or to secure a remedy for their deprivation, as well as in cases where the public interest is concerned. These ends are attained by a judgment of the court requiring the officers to act in the matters wherein the rights and interests of the plaintiff are involved, and the court may require the officers to perform all the acts the law requires of them in order to fully secure the rights of the plaintiff, or yield him a complete remedy. If this end is attained by the performance of one act, the court will order it, and when performed and the remedy is complete or the right preserved, the action is at an end, for it has accomplished all the purposes for which it was designed and instituted by the law. But, if the remedy in order to be complete, or the full preservation of rights, requires more than one act or a series of acts of the officers, it is plain that the action must continue until these are all ordered by the court and fully performed. The court entertaining the action has jurisdiction not only to command the performance of duties, but to enforce its commands by subsequent proceedings in the action. *Supervisors v. Rogers*, 7 Wal. 175. If complete relief is not given by the order of the court, to avoid other actions, other orders will be made until that end is attained. *Coy v. The City Council of Lyons*, 17 Iowa, 1. If complete relief cannot be given on account of the condition of the case, it surely may be continued until such time as justice may be fully done.

We will apply these principles to the case before us. The first judgment of the court did not yield full relief. It was continued by successive orders to the term when the judgment was rendered which is now before us. The first judgment and the orders for continuance are not before us in this case. We cannot, therefore, review them, nor can defendants now object to their sufficiency and regularity. They are adjudica-

tions of the court that, being unquestioned, must be regarded as valid.

IV. We find the cause continued by sufficient orders to the term when the judgment was had, to which defendants now

3. —: —: insufficient levy.

object. It must be regarded as a pending action. The court found that plaintiff's judgment remained unsatisfied, and determined the amount due thereon. There appears no error in this decision. Thereupon, having jurisdiction of the case, it granted full relief by ordering taxes to be levied for successive years, until the judgment should be satisfied. We need not inquire why the judgment did not direct the levy of a tax for one year sufficient to pay the plaintiff's claim. It is, surely, not error prejudicial to defendants to require the amount to be paid by more than one tax, if the court could have directed one levy sufficient to discharge the whole of plaintiff's judgment. The record fails to show the grounds for this provision of the judgment. We will presume they were sufficient. That the entry of the judgment in that form is not erroneous, has been decided by this court. *Coy v. The City Council of Lyons City*, 17 Iowa, 1.

V. The cause was continued after the order made requiring the levy of taxes. This action, it is insisted, is erro-

4. —: —: continuance.

neous. As we have seen, the court retains jurisdiction of the cause for the purpose of enforcing obedience to its order, and controlling the application of money collected upon the judgment. Indeed, it may occur that changes in attending circumstances may require other orders for the purposes of securing a complete remedy. The remedy is not complete until the judgment is paid. For this reason the action should be regarded as pending until the judgment of plaintiff is satisfied. We think, therefore, the cause was properly continued.

VI. The court rendered the judgment upon the *oral* motion of plaintiff. This, it is claimed, is erroneous. The motion simply directed the attention of the court to the case as

presented in the pleadings and record.   We know of no rule of practice that requires this to be done in writing.

The foregoing discussion disposes of all questions raised by the defendants.   We discover no error in the proceedings. The judgment of the court below must, therefore, be

AFFIRMED.