(No. 25474.—

J. E. MOORE, Appellee, *vs.* THE TOWN OF BROWNING, Appellant.

*Opinion filed April 17, 1940—Rehearing denied June 12, 1940.*

584

NEALY I. GLENN, and THURLOW G. LEWIS, for appellant.

LAYMAN & JOHNSON, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the circuit court of Franklin county to review the judgment of that court issuing a writ

of *mandamus* against the town of Browning, requiring that it levy a tax to pay a certain judgment theretofore entered against it. The cause comes here because, appellant says, a constitutional question is involved.

On December 24, 1927, appellee recovered a judgment against appellant in the sum of $10,630.06 and costs. The judgment not having been paid, on March 14, 1928, the court issued a mandatory writ that appellant pay the judgment in payments of the amounts stated in the writ, one on June 1, 1929, and on June 1 of each of the following years until the entire sum was paid. Appellant thereafter made partial payments on June 1, 1929, and on June 1, 1930, but refused to make further payments. In February, 1937, appellee entered his motion in the circuit court to redocket the cause and to award a second peremptory writ of *mandamus* commanding the levy of a tax to pay the balance of the judgment theretofore entered. This motion was answered and the answer amended, and on motion of appellee the amended answer was stricken, and, appellant refusing to plead further, the cause was redocketed and on July 14, 1939, a second writ of *mandamus* was issued directing appellant to pay the balance of the judgment, which, at that time, including interest, amounted to $11,130.23, in five annual installments, and to levy taxes to make such payment.

Appellant here attacks the original declaration in assumpsit against it on which this judgment was rendered, declaring that that declaration did not state a cause of action and that the due process clause of the constitution was violated by the entry of the judgment, and that this being so, *mandamus* should not be granted. Appellant's attack on the sufficiency of the declaration in the original assumpsit suit against it, is collateral. It is conceded on this record that the court had jurisdiction of the parties, and, of course, it must be conceded that it had jurisdiction of the class of cases to which the suit belongs. Jurisdiction is the power to hear and determine the subject matter in the controversy

between the parties to the suit. Whether a declaration in a case of which the court has jurisdiction states a cause of action has no important bearing on the question of jurisdiction of the court of the class of the case. The declaration stated a case of the general class over which the authority of the court extended, and the court had jurisdiction. *O'Connor v. Board of Trustees*, 247 Ill. 54; *O'Brien v. People*, 216 id. 354.

What we have just said disposes of the claim of want of due process. Due process of law is an orderly proceeding wherein a person is served with a summons in an action of a class of which the court has jurisdiction and has an opportunity to be heard to enforce or protect his rights. The fact that it may later appear that the judgment rendered is not to the liking of one of the parties, or that the court may have erred in entering it, does not constitute denial of due process of law. (*City of Chicago v. Peterson*, 360 Ill. 177.) The court, in the original lawsuit, having had jurisdiction of the parties and the subject matter, its judgment cannot be questioned in a collateral proceeding. *People v. Louisville and Nashville Railroad Co.* 350 Ill. 274; *Sheahan v. Madigan*, 275 id. 372; *Town of Lyons v. Cooledge*, 89 id. 529.

When the judgment was rendered against the appellant township it was the duty of its board of auditors to audit the judgment, allow it as a claim against the township and levy a tax to pay the amount due. (*People v. Louisville and Nashville Railroad Co. supra; People v. Chicago and Alton Railroad Co.* 193 Ill. 364.) In this cause the judgment awarding the original writ of *mandamus* on March 14, 1928, was in due and regular form and substance and no appeal was taken from it. It may, therefore, be treated as a fixed and final judgment of the court. That writ commanded appellant to pay the judgment rendered against it in four installments, as above stated. Two of these installments were paid, in part, and further payment refused.

It is argued that it was error to award a second peremptory writ of *mandamus* because the first writ was not served and returned showing that it had been but partially performed, and that without such return the court could not award a second writ, for the reason that a writ of *mandamus* takes the place of an execution, and it then follows from the last premise, that, after seven years, a second writ of *mandamus* should not be awarded but a *scire facias* should issue to revive the judgment, as provided by statute. The complaint of want of service of the original writ is entirely without merit as appellant made two payments under it. Appellant cites no authority for its position that seven years having elapsed since the entry of the original judgment, it is necessary that the judgment be revived by *scire facias* before a second writ of *mandamus* can be issued.

*United States* v. *Board of Auditors of the Town of Ottawa,* 38 Fed. 407, was an action for a writ of *mandamus* to compel the board of town auditors to audit and certify as a valid debt against the town a judgment entered in the Federal court in favor of the relator in 1874. The issuance of the writ was opposed on the ground that the judgment having been rendered more than seven years before the filing of the petition, and no execution having been issued thereon, the judgment was barred by the Statute of Limitations and resort could not be had to a writ of *mandamus* to collect the judgment. It was also there urged that as the judgment was rendered for interest on certain bonds issued by the town in aid of the construction of a railroad, which bonds had been held to be void, no writ of *mandamus* should issue. The writ was awarded, the court holding that the defense of the Statute of Limitations could not avail the respondent in that case on the ground of the statutory provision that judgments of a court of record of Illinois may be revived by *scire facias* or an action in debt, and that so far as the enforceability of the judgment is concerned, a writ of *mandamus* performs the same office as a *scire facias,* and that

the judgment could have no greater force if it was revived by *scire facias*.

A judgment against a municipal corporation may not be collected by execution in this State. Townships are *quasi* municipal corporations for governmental purposes. Property held by them is held for a public purpose. This brings townships under the rule governing municipalities. Judgments against towns are a town charge and when collected are to be paid to the persons to whom they shall have been adjudged. The board of town auditors has no discretion to refuse to audit a valid judgment against the town. *City of Cairo* v. *Campbell*, 116 Ill. 305; *United States* v. *New Orleans*, 98 U. S. 381; *Supervisors* v. *United States*, 4 Wall. 444; *Town of Lyons* v. *Cooledge, supra*.

*Mandamus* is a writ designed to enforce the performance of an official duty where the exercise of official authority in the discharge of such duty is sought to protect private rights as well as in cases where the public interest is concerned. Courts are empowered to require that officers perform all acts which the law requires of them in order to fully secure the rights of the plaintiff or yield him a remedy, and this is true whether the action of such officer be a single act or a series of acts. It is plain that the power of the court to require such acts continues until all are fully performed and full remedy has been meted out to the plaintiff. Thus the court has power to enforce its commands in a case of this character by a subsequent proceeding in the same action. *Supervisors* v. *Rogers*, 7 Wall. 175; *Palmer* v. *Jones*, 49 Iowa, 405.

The circuit court did not err in striking the answer to the motion to redocket the cause and in awarding the writ as prayed. The judgment is, therefore, affirmed.

*Judgment affirmed.*