(No. 26762.—

THE PEOPLE *ex rel.* William E. Wayland, County Collector, Appellee, *vs.* ALLIED HOTELS CORPORATION, Appellant.

*Opinion filed January 19, 1943.*

LINDLEY, JONES, GRANT & SEBAT, (HAROLD F. LINDLEY, of counsel,) for appellant.

WILLIAM T. HENDERSON, I. RAY CARTER, and HORACE E. GUNN, for appellee. ·

Mr. JUSTICE SMITH delivered the opinion of the court:

The appellant, Allied Hotels Corporation, having previously paid seventy-five per cent of its taxes, under protest, filed an objection in the county court of Vermilion county to an application of the county collector for a judgment against, and an order for the sale of, its property because of the nonpayment of certain taxes for the year 1939, levied by the town of Danville (Danville township). Its objection was sustained as to fifty per cent and overruled as to the remaining fifty per cent of the taxes extended. A refund to defendant of the excess amount paid by it was ordered. From that judgment the objector appealed, and the collector has prosecuted a cross appeal.

The town of Danville levied $167,024.14 for the year 1939. To produce that amount the county clerk extended the taxes at a rate of seventy-five cents on each $100 assessed valuation. Item 20 contained in the resolution adopted at the annual town meeting, in the amount of $68,812.33, was "For the relief and support of all poor and indigent persons lawfully resident in said Town of Danville." A rate of 30 cents was extended to raise that amount. The only item in controversy is item 21, which is for $65,380.15, designated as for "Outstanding claims." It was stipulated that this item was levied for the purpose of paying judgments entered on claims arising out of expenditures made for the relief and support of paupers lawfully resident within the township, incurred in prior years. A rate of 30 cents was extended to raise the amount of the levy included in this item. Prior to the making of the levy, according to the stipulation of the parties, the claims were audited by the board of town auditors and found to be proper claims. Items 20 and 21 were levied as separate items. Anticipation warrants were issued sepa-

rately against each, to different persons, some to those who had outstanding claims covered by item 21, and others to anticipate the levy of item 20.

Appellant insists that since the total tax extended on item 21 was for outstanding claims arising out of expenditures made for the relief of paupers, it was illegal for the reason the township had levied the maximum of three mills on the dollar for pauper relief by item 20 of the same levy. In support of his contention that the objection to item 21 should have been overruled, appellee argues that the statutory three-mills' limitation applies only to future relief needs at the time the tax is levied and does not apply to taxes levied to pay valid contractual obligations of a town, incurred prior to such time, particularly where such claims have been reduced to judgments.

Paragraph 3½ of section 3 of article 4 of the Township Organization Act, added March 6, 1936, effective July 1, 1936, (Ill. Rev. Stat. 1941, chap. 139, par. 39,) provides, in part, that the electors present at the annual town meeting shall have power: "To direct the raising of such money by taxation as may be deemed necessary to be expended for the purpose of caring for poor and indigent persons in townships where such duty is provided by law: Provided, that such tax for the balance of the present fiscal year and for each fiscal year thereafter shall not be in excess of three mills on each dollar of the total equalized assessed value of all the taxable property therein and shall in no case exceed the amount needed in such township for the care of poor and indigent persons."

The contention of appellant is, in effect, that items 20 and 21 together constitute a single levy for pauper relief; that since six mills on the dollar (60 cents on each $100 assessed valuation) was levied for relief purposes, the limitation was exceeded by three mills and that, consequently, item 21 is void. Item 21 is not, however, a levy for pauper

aid. The validity of item 20 is not assailed. The amount of $65,380.15 was included in the total levy aggregating $167,024.14 for which a rate of seventy-five cents was extended for general town purposes. Eliminating item 20 for pauper relief, extended at the rate of 30 cents, the remaining items, including item 21, were thus extended at a rate of 45 cents for town purposes. There is no claim that the items extended for general town purposes exceeded statutory limitations, and the presumption accordingly obtains that they were not excessive.

Since 1874 it has been the duty of towns to relieve and support all lawfully resident paupers. Section 15 of the Paupers Act (Ill. Rev. Stat. 1941, chap. 107, par. 15.1) then, as now, provided that in counties having a population of less than 500,000 inhabitants which are under township organization the various towns should relieve and support all paupers lawfully residing within their respective territories. It is true, as appellant asserts, that there is no constitutionally-imposed obligation upon the State or any local governmental unit to support paupers, nor is there such an obligation at common law. The State may, nevertheless, impose the duty upon local governmental units. (*People ex rel. Heydenreich* v. *Lyons,* 374 Ill. 557.) In *Town of Kankakee* v. *McGrew,* 178 Ill. 74, referring to the power of a township to incur indebtedness in discharging its statutory obligation of caring for the poor, this court observed: "The performance of these duties may be imperative, and the exercise of such powers may be desirable and advisable at times when the treasury of the town is empty and when there is no tax in process of collection; yet the town may not for these reasons avoid the performance of the duties legally cast upon it, nor is it deprived of the right to exercise powers of which it is legally possessed. * * * That the aggregate indebtedness of the town shall not exceed the constitutional limita-

tion is the only restriction upon the power of a town to become indebted to discharge such duties devolved upon it by law."

In the present case, it is admitted that the town of Danville incurred obligations in the support of paupers residing within its territorial limits and that creditors having claims against the township reduced them to judgments. Item 21 of the levy, "Outstanding claims," in the amount of $65,380.15 represents these judgments. Their validity has not been attacked. Where a valid judgment is rendered against a township it is the duty of the board of auditors to audit the judgment, allow it as a claim against the township and levy a tax to pay the amount due. Nor has the board any discretion to refuse to audit a valid judgment. (*Moore* v. *Town of Browning,* 373 Ill. 583.) The township of Danville incurred legal debts for the relief of paupers. The judgments for supplies furnished them were town charges. The board of auditors was obligated to, and did, audit the judgments. These judgments were allowed as claims against the town, and a tax was levied for their payment.

Appellant claims that the three-mills' limitation, added in 1936, is an insuperable bar to item 21, while appellee urges that it applies only to the anticipated future relief needs at the time of the making of the tax levy. These respective contentions do not require consideration for the reason that the record fails to disclose whether the "Outstanding claims," constituting item 21, were contracted prior or subsequent to the effective date of the three-mills' limitation statute. It suffices to observe that the law, as amended, does not purport to deprive a township of the right to levy taxes for legitimate debts contracted in earlier years when the township had unlimited power to tax in order to pay such debts. Taxes are presumed to be just, and the burden rests upon an objector to sustain its objection to a particular tax. (*People ex rel. Nash* v. *West-*

*minster Building Corp.* 361 Ill. 153; *People ex rel. Landers* v. *Illinois Central Railroad Co.* 252 id. 262.) This appellant has failed to do. In the absence of evidence to the contrary, the presumption must obtain that the taxing officials performed their duty and that item 21 refers only to valid debts incurred pursuant to statutory mandate.

The judgment of the county court is reversed and the cause is remanded, with directions to overrule the objection to item 21 in its entirety.

*Reversed and remanded, with directions.*