WALTER S. KUBIAK, Plaintiff-Appellee, v. THE CITY OF KEWANEE, Defendant-Appellant.

Third District   No. 3—91—0696

Opinion filed May 15, 1992.

William E. Stewart, of Kewanee, for appellant.

Eugene L. Stockton and D.J. McRae, both of Don J. McRae & Associates, of Kewanee, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Walter Kubiak, filed a motion to enforce settlement and enter judgment against his former employer, the defendant, City of Kewanee (City). The trial judge granted the plaintiff's motion and we affirmed. (*Kubiak v. City of Kewanee* (1989), 192 Ill. App. 3d 1111 (unpublished order under Supreme Court Rule 23).) The City then filed a motion in the circuit court of Henry County to vacate our judgment. The trial court denied the City's motion. The court also found that the City's motion was not well grounded in fact or law and ordered the City to pay the plaintiff's reasonable attorney fees and costs. The City appeals. We affirm and order the City to pay the plaintiff's reasonable attorney fees and court costs for the present appeal.

The plaintiff, Walter Kubiak, was employed by the City of Kewanee as a building commissioner. In 1982, the City fired Kubiak. In response, Kubiak filed a wrongful discharge action. The City offered Kubiak $10,000 to settle his claim and Kubiak agreed. Thereafter, the City tried to revoke its offer. For reasons explained in our prior ruling, we held that the City could not revoke the offer. After our initial ruling, the City continued in its refusal to pay the judgment and the plaintiff brought a *mandamus* action. In response, the City filed a motion to vacate the judgment. The trial court granted the *mandamus* and denied the City's motion to vacate. The trial court also imposed sanctions against the City. The court ruled that the City's motion to vacate was not well grounded in fact or law and ordered the City to pay the plaintiff's reasonable attorney fees and court costs. The City appealed both rulings. We affirmed the trial court's issuance of the *mandamus* (*Kubiak v. City of Kewanee* (1992), 224 Ill. App. 3d 1111 (unpublished order under Supreme Court Rule 23)), and must now determine (1) whether the trial court erred denying the City's motion to vacate; and (2) whether the trial court erred in sanctioning the City.

■■ ■ First, the trial court did not err in denying the City's motion. The City contends the original judgment was procured by fraud and should be vacated. We rejected this claim in our prior rulings and see no need to repeat ourselves yet again. Next, we must determine whether the trial court erred in sanctioning the City. We find that it did not. In every action upon which judgment is rendered there comes a point of time when the losing party must accept the loss and pay the judgment. The City refused to accept the fact the plaintiff prevailed and continued to fight the judgment. As a result, the plaintiff was forced to continue to defend his right to the judgment. The trial

court ruled that the City's continuing refusal to pay was wilful, unnecessary and imposed undue hardship on the plaintiff. The court then imposed sanctions against the City pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137):

> "The case, as aforementioned, has run its appeals. Further action by the city is purely unnecessary delay. For whatever reason, the city apparently doesn't desire to pay. The costs of this case being litigated, appealed, and attempting to be re-litigated, are unnecessary to both parties. All expenses incurred by plaintiff in defending the City of Kewanee's petition...are hereby assessed to the defendant city, including reasonable attorney's fees ***."

The decision to impose sanctions is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319.) As we noted in *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 559 N.E.2d 571, the appellate court in reviewing the imposition of sanctions should primarily determine whether (1) the circuit court's decision was an informed one; (2) the decision was based on valid reasons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. 201 Ill. App. 3d at 1010.

Applying these criteria to the case at bar, it becomes clear that the trial court acted properly in sanctioning the City. The plaintiff possessed a clear legal right to the $10,000 judgment and yet has been repeatedly forced to defend his right to the judgment. As we made clear in our prior rulings, the City possessed no valid reason for refusing to pay the judgment as ordered.

The only remaining issue is whether the City should be required to pay the plaintiff's attorney fees and court costs for the action *sub judice*. Supreme Court Rule 375 (134 Ill. 2d R. 375) allows this court to impose sanctions on a party who prosecutes a "frivolous" appeal. A frivolous appeal is defined as an appeal that "is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." (134 Ill. 2d R. 375(b).) The test to determine whether an appeal is frivolous is based on an objective standard of conduct; "an appeal will be found to be frivolous if a reasonable prudent attorney would not in good faith have brought such an appeal." 134 Ill. 2d R. 375, Committee Comments.

Judging the case at bar by an objective standard of conduct, it is clear that the City has violated Supreme Court Rule 375. After this

court affirmed the trial court's entry of judgment against the City the first time, a reasonable prudent attorney would have advised his client to pay the judgment. Instead, the City filed a motion to vacate restating its previously unsuccessful arguments. When the trial court rejected the City's motion to vacate, the City again appealed. At the same time, the plaintiff sought a *mandamus*, and when the trial court granted the *mandamus*, the City again appealed. As a result, the plaintiff has had to continually defend against the City's refusal to abide by this court's rulings. If we fail to impose sanctions, the City will have accomplished its goal of depriving the plaintiff of the benefit of his judgment by forcing him to expend more in time and legal fees than the judgment is worth.

Additionally, we do not feel the party who successfully defends a trial court's imposition of sanctions should be forced to pay the costs of defending the award. In assessing a similar situation, the Seventh Circuit Court of Appeals in *Mars Steel Corp. v. Continental Bank* (7th Cir. 1989), 880 F.2d 928, noted that if parties who successfully defend a trial court's imposition of sanctions are forced to pay the costs of defending the award, they may often choose to abandon the appeal as a means of holding down their own legal costs; "Pyrrhic victories are the stuff of history but are hardly balm for legal wounds. *** Those to whom sanctions have been awarded should be induced to defend their awards, without additional costs to themselves." 880 F.2d at 939.

Accordingly, the judgment of the circuit court of Henry County is affirmed, and the City is ordered to pay the plaintiff's reasonable attorney fees and court costs incurred as a result of this appeal. This cause is remanded to the trial court with directions to conduct a hearing on the amount of reasonable attorney fees and costs both for the sanctions imposed by the trial court and for the costs and attorney fees necessitated by this frivolous appeal.

Rule is entered on the City of Kewanee, its officers, attorneys and agents to pay the underlying judgment forthwith upon the issuance of the mandate herein.

Affirmed and remanded for the determination of the amount of fees and costs for the trial and this appeal.

Affirmed and remanded with directions.

McCUSKEY and STOUDER, JJ., concur.