ROGER WITTEKIND, Plaintiff-Appellant and Cross-Appellee, v. BEVERLY RUSK, Defendant-Appellee and Cross-Appellant.

Third District   No. 3—93—0158

Opinion filed December 13, 1993.—Rehearing denied January 13, 1994.

Roger Wittekind, of Eldridge, appellant *pro se.*

Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff, Roger Wittekind, appeals from the dismissal of his petition pursuant to section 2—1401 of the Code of Civil Procedure (section 2—1401) (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992))) to reopen a judgment in favor of defendant, Beverly Rusk. The sole issue raised by plaintiff on appeal is whether the trial court erred in dismissing his petition. Defendant has cross-appealed from the trial court's denial of her motion for sanctions. Also, defendant has requested sanctions on appeal against plaintiff.

After reviewing the record, we affirm the trial court's dismissal of plaintiff's section 2—1401 petition. Additionally, we reverse the trial court's denial of defendant's motion for sanctions and grant defendant's request for sanctions on appeal.

In 1990, plaintiff was charged with the offense of telephone harassment (Ill. Rev. Stat. 1989, ch. 134, par. 16.4—1). Defendant accused plaintiff of making frequent telephone calls to her residence, including one call at 4 a.m. on January 2, 1990. A jury found plaintiff not guilty.

On December 24, 1990, plaintiff filed a small claims complaint against defendant for malicious prosecution. Plaintiff sought $630 in damages. After a trial was held on the small claims complaint, the court directed a finding for defendant. Plaintiff appealed, and this court affirmed in *Wittekind v. Rusk* (3d Dist. 1991), No. 3—91—0162 (unpublished order under Supreme Court Rule 23).

In that appeal, we held the trial court properly directed judgment for defendant based upon its finding that the prosecution of plaintiff

was supported by probable cause and because plaintiff presented insufficient evidence of malice. This court relied upon *Mack v. First Security Bank* (1987), 158 Ill. App. 3d 497, 511 N.E.2d 714, as authority for setting out the elements of the offense of malicious prosecution and the definition of malice. Thereafter, plaintiff filed a petition for rehearing which was denied. Plaintiff later filed a petition for leave to appeal to the supreme court. After that petition was denied on March 27, 1992, we issued our mandate to the circuit court on April 23, 1992.

Almost nine months later, on January 13, 1993, plaintiff filed his petition to reopen the judgment pursuant to section 2—1401. Plaintiff alleged that the judgment must be reopened because of errors of law. Plaintiff argued that defendant's counsel cited *Mack* as supporting defendant's position when, according to plaintiff, it actually supported his position. In his affidavit attached to the petition, plaintiff stated that the trial court misapplied the law. We note that plaintiff made this same argument in his original appeal.

Defendant filed a motion to strike the petition and a motion for sanctions pursuant to Supreme Court Rule 137 (Rule 137) (134 Ill. 2d R. 137). Defendant requested $360 in attorney fees. Plaintiff filed a reply to defendant's motions. Plaintiff again complained that a legal precedent was unfairly represented to the trial court. He further argued that the appellate court misconstrued and misapplied the law. Following a hearing, the trial court dismissed plaintiff's petition but denied defendant's motion for sanctions. This appeal and cross-appeal followed.

The gist of plaintiff's section 2—1401 petition is that defendant's counsel misrepresented the holding of the *Mack* decision to the trial court and, as a result, both the trial court and this court misapplied the law. We find absolutely no basis for plaintiff's claim.

■ After careful review of the record and applicable law, we rejected plaintiff's argument in his first appeal. Relying upon the applicable language in *Mack*, this court found that the trial court correctly ruled for defendant. Upon the return of our mandate to the circuit court, the trial court is bound by our determination and its sole obligation is to act in conformance with this court's judgment. See *Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 773, 604 N.E.2d 470, 475.

Plaintiff's refusal to accept the fact that defendant has prevailed in the trial court and on appeal is not an adequate basis for a section 2—1401 petition to vacate a judgment. In *Kubiak v. City of Kewanee* (1992), 228 Ill. App. 3d 605, 606, 592 N.E.2d 1200, 1201, we held that

the trial court properly dismissed a petition to vacate a judgment which merely restated arguments already unsuccessful in a prior appeal. Here, the same result is clearly warranted. Therefore, we conclude that plaintiff's petition was properly dismissed.

In her cross-appeal, defendant argues that the trial court should have granted her motion for sanctions. We agree. In *Kubiak*, this court affirmed the trial court's imposition of sanctions under very similar circumstances. We noted in *Kubiak* that the defendant had lost its prior appeal and had no valid basis for continuing to attack the judgment. (*Kubiak*, 228 Ill. App. 3d at 606-07, 592 N.E.2d at 1201-02.) The same conclusion applies here. The only distinction between the instant appeal and *Kubiak* is that the defendant in *Kubiak* was represented by an attorney while the plaintiff here has proceeded *pro se*.

In the case at hand, the trial judge denied defendant's motion for sanctions stating that he thought plaintiff was in "good faith" but "just doesn't understand the machinations of the law." In order to review the trial court's decision, it is necessary to examine Rule 137, which provides, in pertinent part:

"The signature of an attorney *or party* constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court *** may impose upon the person who signed it *** an appropriate sanction ***." (Emphasis added.) 134 Ill. 2d R. 137.

The purpose of Rule 137 "is to prevent abuse of the judicial process by penalizing the litigant who brings vexatious or harassing actions that are based on false statements *or without legal foundation*." (Emphasis added.) (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 879, 578 N.E.2d 1, 6.) The test to be utilized in determining whether the rule has been violated is an objective standard of what was reasonable under the circumstances at the time the assertions were made. (*In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1231.) Therefore, subjective good faith is *not* sufficient to meet the burden of Rule 137. *Edwards v. Estate of Harrison* (1992), 235 Ill. App. 3d 213, 221, 601 N.E.2d 862, 867.

■ Here, plaintiff was given ample opportunity to present his case to the court during the trial on his small claims complaint. He then appealed the trial court's judgment. We considered plaintiff's arguments and affirmed the trial court's ruling. After plaintiff's petition for rehearing to this court and his petition for leave to appeal to the supreme court were denied, we issued our mandate to the circuit court. At that point, on April 23, 1992, the case was finally concluded. Nevertheless, almost nine months later, plaintiff filed a section 2—1401 petition to vacate the judgment. Plaintiff raised nothing new in this petition but continued to argue that the trial court had misapplied the law. We find no reasonable legal foundation for plaintiff's petition. Accordingly, the filing of the petition was a clear violation of Rule 137.

We recognize that a trial court's determination regarding a motion for sanctions is a matter within the court's discretion and will not be disturbed absent an abuse of that discretion. (*In re Estate of Hoover* (1993), 155 Ill. 2d 402, 419, 615 N.E.2d 736, 744.) However, based on our review of the record, we conclude that the trial court abused its discretion when it denied defendant's motion for sanctions. The court in *Mentzer v. Dudley* (1992), 236 Ill. App. 3d 726, 602 N.E.2d 934, held that, when sufficiently egregious circumstances exist, sanctions can properly be imposed upon a *pro se* small claims litigant. (*Mentzer*, 236 Ill. App. 3d at 729-31, 602 N.E.2d at 935-37.) The court in *Mentzer* stated, "[w]e can give a *pro se* small claims litigant some leeway in presenting a claim which appears unreasonable, but when such a claimant engages in the harassment involved here, he must suffer the consequences." *Mentzer*, 236 Ill. App. 3d at 731, 602 N.E.2d at 937.

Likewise, plaintiff here filed a petition totally lacking in legal foundation almost nine months after the case was completed. We conclude that plaintiff's conduct was sufficiently egregious to warrant the imposition of sanctions. We also conclude that the amount requested, $360, was reasonable and supported by the evidence. Consequently, we reverse that portion of the trial court's judgment which denied defendant's motion for sanctions and order plaintiff to pay defendant $360 in attorney fees.

Defendant has also requested sanctions pursuant to Supreme Court Rule 375(b) (Rule 375(b)) (134 Ill. 2d R. 375(b)). Rule 375(b) allows this court to impose an appropriate sanction upon any party or the party's attorney if it is determined that the appeal is frivolous or not taken in good faith. An appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing

law or a good-faith argument for the extension, modification, or reversal of existing law." (134 Ill. 2d R. 375(b).) The test to determine whether an appeal is frivolous is based upon an objective standard of conduct. *Kubiak*, 228 Ill. App. 3d at 607, 592 N.E.2d at 1202.

At the hearing regarding defendant's motion for sanctions, the trial court made the following remarks to plaintiff:

> "I am just going to say it here that it is my absolute opinion that you ought to drop this case and quit trying to relive it. Quit trying to reopen it, and accept the fact that this case is over and done.
>
> * * *
>
> *** You do have a right to take this to a higher court. *** But if you do take it to a higher court there's a provision in the Appellate Rules which also applies to frivolous appeals, and *** the Appellate Court may give us some guidance as to what we should do on cases involving litigants who appear on their own and raise legal arguments that do not have merit."

The trial court properly informed plaintiff that his case was over and should be dropped. Further, the court warned plaintiff that an appeal could be found frivolous by the appellate court.

■ Disregarding the trial court's admonitions, plaintiff nevertheless continued this litigation by filing his notice of appeal. In *Kubiak*, we imposed sanctions under Rule 375(b) when the defendant appealed from a similarly meritless petition to vacate a judgment. We noted that the defendant's appeal required the plaintiff to continually defend against the defendant's "refusal to abide by this court's rulings." (*Kubiak*, 228 Ill. App. 3d at 608, 592 N.E.2d at 1202.) Here, plaintiff has refused to abide by our mandate affirming the trial court's judgment. Based upon the history of this case, we conclude that appropriate sanctions are warranted here. Plaintiff's appeal is not well grounded in fact or warranted by existing law.

We recognize that plaintiff was not represented by an attorney before this court and filed his notice of appeal *pro se*. However, we find absolutely no legal basis for plaintiff's appeal. Also, the trial court essentially informed plaintiff that an appeal would be unwise. Under these circumstances, we conclude that sanctions should be imposed against plaintiff.

Defendant has provided this court with the affidavit of her attorney. The affidavit states that attorney fees and costs incurred in defending this appeal, including presenting oral argument, total $1,501.82. We conclude that this amount is reasonable and adequately

documented. Therefore, we order plaintiff to pay defendant the sum of $1,501.82 as a sanction for bringing this frivolous appeal.

For the reasons indicated, that portion of the judgment of the circuit court of Rock Island County which dismissed plaintiff's section 2—1401 petition is affirmed. That portion of the judgment which denied defendant's motion for sanctions is reversed, and sanctions are ordered against plaintiff in the amount of $360. Furthermore, we impose sanctions on appeal against plaintiff in the amount of $1,501.82.

Affirmed in part; reversed in part; sanctions imposed.

BARRY and BRESLIN, JJ., concur.