Shawntae **WILLIAMSON**, Earlin Williamson, Sheldon J. Sandman, et al., Plaintiffs–Appellants,

v.

**CHICAGO TRANSIT AUTHORITY**, a municipal corporation, Defendant–Appellee.

No. 98–2245.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1999.

Decided July 21, 1999.

---

David A. Novoselsky (argued), Novoselsky & Associates, Chicago, IL, for Plaintiffs–Appellants.

Laura Wunder (argued), Chicago Transit Authority, Corporation Counseling & Litigation, Chicago, IL, Thomas J. Bamonte, Chicago Transit Authority, Chicago, IL, for Defendant–Appellee.

Before BAUER, RIPPLE and DIANE P. WOOD, Circuit Judges.

RIPPLE, Circuit Judge.

Multiple plaintiffs brought claims against the Chicago Transit Authority ("CTA"), alleging violations of their due process rights. The district court granted the CTA's motion to dismiss for failure to state a claim. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

The plaintiffs allege that the CTA, which is a municipal corporation, defrauded them by entering into various settlement agreements while intending not to pay amounts due under those agreements. They also allege that the CTA has refused to pay state court judgments. Count I is brought by Shawntae Williamson. After initiating a personal injury claim against the CTA in state court, Ms. Williamson settled the claim for $12,000 on July 28, 1997. When the CTA did not pay her within the agreed upon time, she brought a motion in state court to enforce the settlement order. The court entered judgment against the CTA on November 20, 1997. The CTA continued in its failure to make payment; consequently, on January 16, 1998, Ms. Williamson and the firm representing her in the state proceedings filed this action in the district court. Two weeks later, on January 30, 1998, the CTA tendered a check in the amount of $12,871.13 to cover the settlement amount plus accrued interest, costs and attorneys' fees. After a complaint by Ms. Williamson, the CTA made corrections to the spelling of Ms. Williamson's name as it appeared on the check. Ms. Williamson deposited the corrected check in March 1998.[1]

Count III of the complaint is brought by the law firm Berkson, Gorov & Levin,

---

After dismissing the federal claims, the district court declined to exercise supplemental jurisdiction over Count II.

Ltd., as well as by the three name partners of that firm. This count alleges that the firm represented a client, Sandra Edwards, in divorce proceedings in Illinois state court against William Artis. A judgment in the amount of $2,370.25 for attorneys' fees was entered in favor of Edwards against Artis. A wage deduction summons and affidavit was served on the CTA, Artis' employer. A judgment in the amount of $1,317.58 was entered against the CTA and in favor of Berkson, Gorov & Levin on December 19, 1997. The CTA delivered a check to the plaintiffs approximately 2 months later. On February 23, 1998, the plaintiffs executed a release and satisfaction of judgment in state court, stating that they had "received full satisfaction and payment" from the CTA. The plaintiffs complain in this lawsuit that the CTA designated the wrong payee when it paid the wage deduction judgment. The CTA's check was made payable to "Sondra [sic] Edwards and Berkson, Gorov & Levin, Ltd.," even though judgment in the state court was entered only in favor of Berkson, Gorov & Levin, and not Edwards. Upon reviewing the complaint in this case, the CTA issued a replacement check.

Count IV of the complaint was brought by Gloria Talanda, a former CTA employee. Ms. Talanda filed two worker's compensation claims with the Illinois Industrial Commission. Ms. Talanda and the CTA settled the claims for $50,697. She alleges in Count IV that the terms of the settlement agreement require the CTA to pay her medical and hospital expenses accrued through September 1, 1996. Collection agencies have been attempting unsuccessfully to obtain payment from the CTA for over a year.

## II

## DISCUSSION

■ The plaintiffs are seeking, in each claim, to enforce a state court judgment or settlement agreement. They claim that

the CTA's fraudulent scheme of refusing to pay violates the Due Process Clause of the Fourteenth Amendment. The district court held that this court's decision in *Evans v. City of Chicago,* 10 F.3d 474 (7th Cir.1993) (en banc), requires that the plaintiffs' claims be dismissed for failure to state a claim. We agree with the district court's assessment.

In *Evans,* this court confronted a situation in which the City of Chicago waited an average of 47 months to pay its judgment creditors. *See id.* at 475. Chicago chose to do this because market interest rates were much higher than the interest it paid to judgment creditors; borrowing from market creditors rather than from judgment creditors would have been expensive. The judgment creditors sued the city, arguing, in part, that the slow payment violated their due process rights. The parties entered into a consent agreement requiring all judgments to be paid in the order of their entry.

This court[2] held that the parties failed to state a claim under the Due Process Clause. A plurality of the court stated that "entry and continued enforcement of a consent decree regulating the operation of a governmental body depend on the existence of a substantial claim under federal law." *Id.* at 480. The plaintiffs' theory in that case was that they were deprived of their due process rights in property interests because the city violated state law by failing to make prompt payment. This court rejected the argument that such a claim presented a substantial federal claim. The judges joining the principal opinion concluded that, based on "principles of respect for a coordinate sovereign," complaints about the timely payment of judgments should not be addressed under the Due Process Clause. *Id.*

The plaintiffs suggest that the *Evans* holding is limited to situations in which the lack of payment stems from a legislative enactment or budgetary considerations. Our decision in *Chaney v. Suburban Bus*

---

**2.** The principal opinion in *Evans* was a plurality opinion. A majority of the court

agreed, however, with the principles relevant to this case.

*Division of Regional Transportation Authority,* 52 F.3d 623 (7th Cir.1995), indicates that *Evans* is not so limited. In that case, we confronted a situation in which a municipal unit refused to obey an arbitrator's decision requiring that the municipal unit award an employee back-pay. Relying on *Evans,* we held that "[a] refusal to pay an arbitration award does not in and of itself establish a due process violation." *Id.* at 631. The court noted that, whatever objections the plaintiffs had to the defendant's refusal-to-pay tactics, "Illinois law can address them." *Id.*

■ *Evans* and *Chaney* establish that the failure of a unit of state or local government to make payment on either a judgment award or settlement agreement does not give rise to a due process claim. Federal courts should not, under the guise of the Due Process Clause, become embroiled in a party's attempt to enforce such state court judgments and settlement agreements against states and municipalities. *See Mid–American Waste Sys., Inc. v. City of Gary,* 49 F.3d 286, 290 (7th Cir.1995) ("[T]he due process clause does not require, or even permit, federal courts to enforce the substantive promises in state laws and regulations." (citing *Evans*)). The plaintiffs should enforce their claims under state law.

The plaintiffs make several other arguments against the application of *Evans.* First, they argue that we should not apply *Evans* to this case because they have no remedy under state law. They note that Illinois law does not allow holders of judgments against a municipality to collect by execution against the property of the municipality. *See Moore v. Town of Browning,* 373 Ill. 583, 27 N.E.2d 533, 536 (1940). However, acceptance of the plaintiffs' argument would require that we overturn both *Evans* and *Chaney,* because in each of those cases the municipal unit would have received the same immunity from

enforcement of judgment that the CTA has in this case. Moreover, the plaintiffs do have possible recourse in state court. Sanctions, contempt proceedings and writs of mandamus could be used in state court to force the CTA to pay. *See, e.g., May v. Central Illinois Pub. Serv. Co.,* 260 Ill. App.3d 41, 198 Ill.Dec. 635, 633 N.E.2d 97, 102 (1994); *Kubiak v. City of Kewanee,* 228 Ill.App.3d 605, 170 Ill.Dec. 520, 592 N.E.2d 1200, 1201–02 (1992); *Estate of DeBow v. City of East St. Louis,* 228 Ill. App.3d 437, 170 Ill.Dec. 457, 592 N.E.2d 1137, 1140 (1992). The plaintiffs' suggestion during oral argument that state courts are unlikely to grant such relief is not a sufficient ground upon which to transform this matter into a federal lawsuit.

The plaintiffs also claim that *Evans* does not control because the claims in this case are different from the claims in *Evans.* In *Evans,* the claimed right to timely payment was based on the Illinois statute requiring that a local public entity make, at a minimum, installment payments to tort judgment creditors if it decides to postpone full payment to those creditors. *See* 745 ILCS 10/9–104. Here, in contrast, the claims are based on an alleged fraudulent scheme to refuse payment under settlement agreements and court judgments.[3] We do not believe that this distinction alters the fundamental analysis. The claim is still a state law claim. The point remains that a state or municipality's failure to make payments on state court judgments or settlement agreements does not give rise to a federal due process violation.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

---

**3.** Berkson, Gorov & Levin, Ltd. argues that it is not a judgment creditor at all because it is seeking funds to which the government never had a right in the first place. However, the

above reasoning still applies because the legal basis for the firm's claim, as stated in the complaint, is a judgment entered by the state court.