# Illinois Official Reports

## Appellate Court

---

### *Davis v. Davis*, 2019 IL App (3d) 170744

---

| | |
|---|---|
| Appellate Court Caption | MICHAEL C. DAVIS, Plaintiff-Appellant and Cross-Appellee, v. LEANN L. DAVIS, Defendant-Appellee and Cross-Appellant. |
| District & No. | Third District<br>No. 3-17-0744 |
| Filed | October 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 17-L-82; the Hon. Michael Risinger, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |
| Counsel on Appeal | Julie L. Galassi and Dustin R. Jensen, of Hasselberg, Rock, Bell & Kuppler, LLP, of Peoria, for appellant.<br><br>Jeffrey Alan Ryva, of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Holdridge and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff Michael Davis brought a breach of contract action against defendant Leann Davis alleging she breached the parties' postmarital agreement and he suffered monetary damages as a result. The trial court dismissed the complaint on the basis that it failed to state a claim, another action was pending, and affirmative matter defeated the claim. Michael appealed. Leann cross-appealed, arguing that the trial court should have imposed sanctions on Michael. We affirm the trial court's dismissal and grant Leann's motions for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and Rule 367 (eff. Nov. 1, 2017).

¶ 2                                                    FACTS

¶ 3    Plaintiff Michael Davis and defendant Leann Davis were married on September 18, 2004. In June 2012, the parties executed a postmarital agreement. The agreement provided that Michael would not file for dissolution of the marriage within 180 days of execution of the agreement. The agreement also provided for dissolution issues, including maintenance and distribution of assets. In 2013, Michael filed a petition for dissolution of the marriage. Leann challenged the postmarital agreement as unconscionable and asked the court in the dissolution action to find the postmarital agreement to be void and unenforceable. The dissolution court disagreed and found the postmarital agreement was valid and enforceable.

¶ 4    Michael filed the instant complaint claiming that Leann breached the postmarital agreement by refusing to perform her obligations under it. According to the complaint, Michael was forced to spend money on attorney fees in order to enforce the postmarital agreement, contrary to the parties' intent. Leann filed a motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code), arguing that dismissal was proper under sections 2-615 and 2-619(a)(3) of the Code (735 ILCS 5/2-619.1, 2-615, 2-619(a)(3) (West 2016)). The trial court granted Leann's motion and dismissed Michael's complaint, finding dismissal was appropriate under the grounds set forth by Leann and also under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)) on the basis that affirmative matter defeated Michael's claim. Michael appealed. After he filed a notice of appeal on November 1, 2017, Leann filed a timely motion for sanctions on November 2, 2017, which the trial court denied on January 11, 2018. The court held that because Michael had filed an appeal, it lacked jurisdiction to hear Leann's sanctions motion. Leann filed a cross-appeal on January 23, 2018, challenging the trial court's ruling that it lacked jurisdiction.

¶ 5    We issued an opinion dated April 11, 2019, in which we affirmed the trial court's dismissal of Michael's complaint and remanded for the trial court to determine Leann's motion for sanctions. Following issuance of the opinion, Leann moved for this court to impose Rule 375 sanctions on Michael. Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). She then timely filed a petition for rehearing, seeking we impose sanctions under both Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and Rule 375 (eff. Feb. 1, 1994). We granted her petition for rehearing and withdraw our opinion filed April 11, 2019, substituting this opinion in its place.

¶ 6                                                ANALYSIS

¶ 7    On appeal, we consider whether the trial court erred in dismissing Michael's complaint. He maintains that the court erroneously dismissed his complaint on the basis that it failed to

state a claim, another action was pending, and affirmative matter defeated his claim. On Leann's cross-appeal, we consider whether the trial court erred when it declined to hear Leann's motion for sanctions. Leann argues that the trial court erred in determining that it lacked jurisdiction to impose sanctions.

¶ 8       We first address Michael's argument that the trial court erred in dismissing his complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) for failure to state a claim on which relief may be granted. Michael argues that the dismissal was incorrect, maintaining that his complaint sets forth the elements for a breach of contract. He further argues that the postmarital agreement's provision that he be responsible for his own legal expenses does not provide a basis for dismissal and that his instant claim is based on Leann's breach of contract and not connected to the dissolution action, which alone was governed by the postmarital agreement.

¶ 9       A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint by alleging defects on its face. *Goldwater v. Greenberg*, 2017 IL App (1st) 163003, ¶ 9. The question before the court is whether the complaint states a cause of action for which relief may be granted. *Id.* The court considers all well-pleaded facts and all reasonable inferences from them as true and construes the allegations in a light most favorable to the plaintiff. *C.O.A.L., Inc. v. Dana Hotel, LLC*, 2017 IL App (1st) 161048, ¶ 56. To withstand a section 2-615 motion to dismiss, the complaint must allege facts setting forth the essential elements of the cause of action. *Visvardis v. Eric P. Ferleger, P.C.*, 375 Ill. App. 3d 719, 724 (2007). To sustain a complaint for breach of contract, a plaintiff must allege that a contract existed, he performed his obligations under the contract, the defendant breached the contract, and the plaintiff was damaged as a result of the breach. *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379 (1994). This court reviews a section 2-615 dismissal *de novo. Henby v. White*, 2016 IL App (5th) 140407, ¶ 20.

¶ 10      According to Michael, his complaint presented the essential elements for breach of contract. He asserts that the parties executed a postmarital agreement, that he performed under the agreement by withholding filing for divorce until after the agreed-upon 180 days, that Leann breached their agreement to be bound by the terms of the postmarital agreement by challenging its validity, and that he was damaged in that he was required to expend funds to defend the postmarital agreement in the trial court and to bring and defend this action both in the trial court and on appeal. Michael maintains the court ignored that his complaint sounds in breach of contract and the damages he sought were for Leann's breach and not legal expenses connected to the dissolution proceeding.

¶ 11      In dismissing the complaint under section 2-615 of the Code, the trial court looked to the parties' postmarital agreement, which provided that if either Michael or Leann filed for dissolution of the marriage, Michael "shall" be responsible for his legal expenses and a percentage of Leann's legal costs. There are no qualifiers on the requirement that Michael pay the entirety of his legal expenses. Michael attempts to distinguish between his legal fees and damages for breach of contract, asserting the legal fees he is seeking to recover in the breach of contract action were the damages he suffered from Leann's breach. Regardless of how Michael characterizes it, he is attempting to saddle Leann with the costs of his defense of her claim that the postmarital agreement was unconscionable. Contrary to Michael's assertion, the expense of defending Leann's challenge to the postmarital agreement was a legal expense connected with the dissolution. The postmarital agreement required Michael to pay his own

legal expenses for the dissolution. As such, his complaint did not include the essential elements to sustain a breach of contract action as Michael is unable to claim damages. The trial court properly found that it failed to state a claim on which relief could be granted. We find the court did not err in dismissing Michael's complaint pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2016).

¶ 12    We next review whether the trial court erred in dismissing Michael's complaint because another action was pending. Michael argues that dismissal under section 2-619(a)(3) was improper where the breach of contract and the dissolution actions present different causes with different focuses and different applicable time periods. According to Michael, the dissolution concerned events prior to 2013, while the breach of contract claim was directed at events that took place in 2015 and 2016. Based on these distinctions, Michael reasons no other action was pending to warrant dismissal.

¶ 13    A complaint may be dismissed when there is another action pending between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 2016). Cases include the same parties when the litigants share substantially similar interests. *In re Estate of Hoch*, 382 Ill. App. 3d 866, 869 (2008) (citing *Combined Insurance Co. of America v. Certain Underwriters at Lloyd's, London*, 356 Ill. App. 3d 749, 754 (2005)). Actions contain the same cause when the requested relief is based on substantially the same set of facts. *Schacht v. Lome*, 2016 IL App (1st) 141931 ¶ 36 (citing *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 853 (2010)). The actions do not need to be identical. *Id.* " '[T]he crucial inquiry is whether both arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions.' " *Id.* (quoting *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005)). A section 2-619(a)(3) dismissal is designed to avoid duplicative litigation. *Whittmanhart*, 402 Ill. App. 3d at 852. We will not reverse a trial court's dismissal of a complaint under section 2-619(a)(3) unless it was an abuse of discretion. *Schacht*, 2016 IL App (1st) 141931, ¶ 34.

¶ 14    There is no dispute that the dissolution and breach of contract actions involve the same parties, Michael and Leann. Both actions also involve the same cause as they are each based on substantially the same set of facts. Michael's breach of contract action arises from Leann's supposed violation of the parties' postmarital agreement, the same agreement which dictated the outcome in the dissolution court. The dissolution proceeding focused on the validity of the postmarital agreement and then the dissolution of the parties' marriage based on the provisions in the postmarital agreement. In the breach of contract action, Michael alleged that Leann breached the postmarital agreement by challenging its validity. Both actions arose of the same occurrence, being the dissolution of the parties' marriage. The dissolution and breach of contract proceedings were each based on the postmarital agreement. Because there was another action pending with the same parties and the same cause, we find the trial court did not err in dismissing Michael's complaint under section 2-619(a)(3).

¶ 15    Finally, we address whether dismissal was proper under section 2-619(a)(9), the third reason the trial court dismissed Michael's complaint. Michael argues that the trial court's dismissal of his complaint under section 2-619(a)(9) would require him to improperly file multifarious complaints. In other words, he claims dismissal would require him to join two different cases that do not belong together.

¶ 16    A dismissal under section 2-619(a)(9) is premised on the fact that the claim asserted against the defendant is barred by other affirmative matter that avoids the legal effect of or defeats the

claim. 735 ILCS 5/2-619(a)(9) (West 2016). An affirmative matter is in the nature of a defense that completely negates the cause of action. *In re Marriage of Lewin*, 2018 IL App (3d) 170175, ¶ 9 (citing *Martinez v. Cook County Sheriff's Office*, 2017 IL App (3d) 160514, ¶ 15). This court reviews a dismissal under section 2-619(a)(9) *de novo*. *In re Marriage of Morreale*, 351 Ill. App. 3d 238, 240 (2004).

¶ 17 "Multifariousness is an equitable doctrine which prohibits the joining in one complaint of distinct and independent matters, thereby confounding them." *Jaffke v. Anderson*, 162 Ill. App. 3d 290, 293 (1987). Where there are distinct and independent matters requiring separate briefs and defenses and joinder of claims against two or more defendants, multifariousness exists. *Id.*

¶ 18 The court found that dismissal was warranted because affirmative matter defeated Michael's claim. The court reasoned that the action was "a divorce court matter" and should have been brought in the dissolution action. We agree with the trial court. Dissolution proceedings are designed to dispose of all matters connected with the dissolution of a marriage, including the parties' attorney fees. See 750 ILCS 5/508 (West 2016). The dissolution proceedings and the breach of contract action were intertwined as they were both based on the postmarital agreement. Bringing this claim in the dissolution action would not result in the joining of distinct and independent matters or require separate briefs, defenses, or the joinder of claims against multiple defendants. Both the dissolution action and the breach of contract action relied on the postmarital agreement for resolution. Leann was the only defendant, and there was no one else to join. The doctrine of multifariousness is not applicable under these facts. The dissolution action, which was pending at the time Michael brought the breach of contract action, was the appropriate forum for Michael to seek attorney fees. We find the trial court's dismissal on this alternative ground was also proper.

¶ 19 Having determined that the trial court did not err in dismissing Michael's breach of contract action, we turn to Leann's cross-appeal. She raises two issues: whether the trial court erred when it found it lacked jurisdiction to hear her request for sanctions and whether the court should have imposed sanctions on Michael. We also consider on our grant of Leann's petition for rehearing whether we should impose Rule 375 sanctions on Michael for appealing the trial court's dismissal of his complaint.

¶ 20 We begin with Leann's challenge to the trial court's determination that it lacked jurisdiction to hear her motion for sanctions. She argues that the trial court erroneously determined that it lacked jurisdiction. Michael agrees. They are correct.

¶ 21 A Rule 137 motion for sanctions must be filed within 30 days after the final judgment was entered. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). Pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), a judgment or order does not become final and appealable while a Rule 137 claim remains pending. This is true even when a notice of appeal was filed in the same proceeding prior to the filing of the motion for sanctions. *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 821 (2010). A timely postjudgment motion, such as a motion for sanctions, operates to stay an earlier filed notice of appeal. *In re Estate of Hanley*, 2013 IL App (3d) 110264, ¶ 43. The notice of appeal becomes effective when the final postjudgment motion is decided. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). We review questions of jurisdiction *de novo*. *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897 (2004).

¶ 22 The trial court granted Leann's motion to dismiss on October 3, 2017. Michael filed a notice of appeal on November 1, 2017, and Leann filed her motion for sanctions on November 2, 2017. The trial court dismissed Leann's motion for sanctions on January 11, 2018, finding

it lacked jurisdiction because a notice of appeal had already been filed. However, the motion for sanctions was a timely filed postjudgment motion that prevented an earlier filed notice of appeal from becoming effective until the trial court entered its ruling on the sanctions motion. The trial court retained jurisdiction to determine Leann's sanctions motion. Thus, we find the trial court erred when it found it lacked jurisdiction to decide the motion for sanctions.

¶ 23　　In our initial opinion, we remanded the case for the trial court to rule on Leann's sanctions motion. On rehearing, we have opted to determine Leann's request for sanctions under Rule 137 without remand to the trial court. Leann asserted in her petition for rehearing that remand would merely serve to prolong the proceedings and allow Michael additional means to delay paying the sanctions. In light of Michael's filing of a dubious complaint against Leann and his meritless appeal of the complaint's dismissal, we agree with Leann that it is prudent for this court to determine the pending sanctions issues without remand.

¶ 24　　Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) allows a trial court to impose sanctions where the pleadings, motions, or other documents are not well-grounded in fact or warranted by existing law or put forth a good-faith argument to extend, modify, or reverse existing law or where they are imposed for an improper purpose, such as to harass or unnecessarily delay the proceedings or needlessly increase the cost of the litigation. Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) allows a reviewing court to impose sanctions when a party files an appeal that is frivolous, not taken in good faith, or filed for an improper purpose, such as to harass or delay the proceedings or to needlessly increase costs. The purpose of the rules is to punish abusive conduct of litigants and their counsel. *Wittekind v. Rusk*, 253 Ill. App. 3d 577, 580 (1993) (Rule 137); *Jaworski v. Skassa*, 2017 IL App (2d) 160466, ¶ 18 (Rule 375). To determine whether sanctions are appropriate under Rule 137, the court employs an objective standard of what was reasonable under the circumstances at the time the claims in question were made. *Wittekind*, 253 Ill. App. 3d at 580. The court also employs an objective standard in determining a Rule 375 motion for sanctions. *Id.* at 582.

¶ 25　　We determine that sanctions under both Rule 137 and Rule 375 are warranted. We find that Michael lacked a legal or factual basis to pursue his breach of contract action and to appeal it. He reasoned that his breach of contract action was independent of the dissolution proceedings. Nevertheless, he relies on the postmarital agreement to support both his dissolution claim and his breach of contract claim, indicating that he was aware both causes of action were based on the same set of facts. Moreover, after contesting the validity of the postmarital agreement, Leann complied with its terms and provisions negating any basis for a breach. In essence, Michael attempted an end-around of his obligations under the postmarital agreement to be obligated for his own legal expenses. His filing the breach of contract action and the appeal of its dismissal unnecessarily extended proceedings between the parties. Because there was no basis for Michael's breach of contract claim, his pursuit of the action can only be directed to harass Leann.

¶ 26　　We thus direct Michael to pay the cost to Leann of defending his action at both the trial and appellate courts. See Ill. S. Ct. R. 366 (eff. Feb. 1, 1994) (this court may enter any judgment that should have been entered in the trial court). Leann's attorney should present to this court an affidavit and billing records distinguishing between the trial and appellate work so we may enter proper sanctions amount under each rule. *Amadeo v. Gaynor*, 299 Ill. App. 3d 696, 706 (1998) (court determined sanctions amount based on attorney affidavit and billing records). Leann has offered to supply this court with the necessary financial information within seven

days, and we request that she so submit the affidavit and billing records within seven days after issuance of this opinion. We will enter an order specifying the amount due and allow Michael 14 days to either pay Leann or challenge her accounting. We further direct Michael to pay Leann directly through her counsel.

¶ 27                                                      CONCLUSION

¶ 28          For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed in part, reversed in part, and sanctions are imposed.

¶ 29          Affirmed in part and reversed in part.