**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190413-U

Order filed January 14, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| VILLAGE OF FRANKFORT, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0413 |
| | ) | Circuit No. 19-TR-33383 |
| | ) | |
| JACK C. CANTWAY, | ) | The Honorable |
| | ) | Arkadiusz Z. Smigielski, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Lytton and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  In a self-represented appeal in a traffic case, the appellate court found that the defendant's appeal was frivolous and was taken for an improper purpose.  The appellate court, therefore, affirmed the trial court's judgment and imposed sanctions against the defendant.

¶ 2     After a bench trial, defendant was found guilty of speeding in violation of a municipal ordinance and was ordered to pay $300 in fines, fees, and costs.  Defendant appeals, arguing that the trial court's judgment should be reversed because: (1) defendant was denied his right to subrogation to settle the charge against him; (2) the trial court conspired with the prosecuting

municipality to interfere with defendant's civil rights and to compel money from defendant when money had not existed since 1933; and (3) the trial court erroneously allowed defendant to be charged for an offense as a fictitious person as indicated by the spelling of defendant's name in all capital letters on the charging instrument. We find defendant's appeal to be frivolous and taken for an improper purpose. We, therefore, affirm the trial court's judgment and impose sanctions against defendant.

¶ 3                                                    I. BACKGROUND

¶ 4        In May 2019, defendant was stopped by the police for speeding (60 miles per hour in a 45-mile-per-hour zone) in the Village of Frankfort (Village), Illinois, and was given an ordinance-violation ticket. The ticket listed defendant's name as "JACK C. CANTWAY" and set a court-appearance date for the following month.

¶ 5        On the court-appearance date, defendant appeared in court self-represented and, as best as we can determine from the record, refused to enter a plea of either guilty or not guilty. The trial court apparently treated defendant's refusal as a plea of not guilty and set the case for bench trial by agreement of the parties.

¶ 6        In July 2019, on the bench-trial date, defendant again appeared in court self-represented. At the outset of the proceedings, before the bench trial had started, defendant presented the Village and the trial court with a list of requests and a statement of facts. In those documents and in his oral comments, defendant made claims and raised concerns that can best be described as being consistent with sovereign-citizen claims. See, *e.g.*, Michael Mastrony, Note, *Common-Sense Responses to Radical Practices: Stifling Sovereign Citizens in Connecticut*, 48 Conn. L. Rev. 1013, 1015-17, 1021-24 (2016) (describing the sovereign-citizen movement and its effect on the legal system). Among other things, defendant indicated that: (1) he was asserting his right

to proceed by way of subrogation; (2) he did not consent to being the surety for this case; (3) he was not a fictitious person of the court, despite the listing of his name on the traffic ticket in all capital letters; (4) he was a citizen of a state and not a citizen of the United States; (5) he had the right to free travel, which could not be deprived; (6) he was traveling, and not driving, at the time of the offense; (7) he could not be charged money since there had been no money since 1933 (money had ceased to exist in 1933); (8) the prior trial court judge did not have the authority to enter a plea on defendant's behalf; and (9) traffic tickets were "nothing more than fraud, extortion, blackmail, intimidation[,] harassment, mail fraud, [the] fictitious conveyance of languages, [and] false [and] misleading sentences." After some brief discussion, the trial court denied defendant's requests.

¶ 7    The bench trial went forward, and both the police officer and defendant testified. The officer testified that on the date and time in question, he clocked defendant's vehicle traveling 60 miles per hour in a 45-mile-per-hour zone using his radar device. The officer performed a self-test and external calibration on the radar device both before (at the beginning of his shift) and after the traffic stop and determined that the device was working properly. The officer identified defendant in open court as the person who was driving the vehicle at the time of the traffic violation.

¶ 8    At the start of defendant's testimony, defendant presented his driver's license to the trial court as evidence. The driver's license had a $1 United States postage stamp on the back of it with a picture of a red fox on the stamp and defendant's name written across the stamp. Defendant testified that the red-fox stamp was the only stamp that made "it legal to deliver the postal to the address above in all federal courts." That was the only testimony that defendant provided.

3

¶ 9 After all of the evidence had been presented, the trial court found defendant guilty of speeding, entered a judgment of conviction, and ordered defendant to pay fines, fees, and costs of $300. Defendant filed a self-represented appeal. During the course of the appeal, the Village filed a motion for sanctions against defendant, which was taken with the case.

¶ 10                                    II. ANALYSIS

¶ 11                          A. Defendant's Sovereign-Citizen Claims

¶ 12 As best can be discerned, defendant argues in this appeal that the trial court erred in finding him guilty of speeding and in ordering him to pay $300 in fines, fees, and costs. In support of that argument, defendant asserts many of the same sovereign-citizen claims that he raised in the trial court. Specifically, defendant contends that the trial court erred in: (1) denying defendant's right to subrogation to settle the charge against him, a deprivation of rights under color of law; (2) forming a conspiracy with the Village to interfere with defendant's civil rights and to compel money from defendant when there had been no money since 1933 (money had ceased to exist in 1933); and (3) allowing defendant to be charged for an offense as a fictitious person as indicated by the spelling of defendant's name in all capital letters on the charging instrument. For all of the reasons stated, defendant asks that we reverse his conviction and sentence and that we award him certain other relief, including $250,000 in damages.

¶ 13 The Village argues that the trial court's ruling was proper and should be upheld. In response to defendant's specific claims of error, the Village asserts first that defendant's claims have been forfeited because defendant either did not raise, or did not properly preserve, those claims in the trial court and because defendant has failed to present well-reasoned argument and legal authority to support those claims on appeal. Second, and in the alternative, the Village asserts that defendant's claims of error should be rejected on the merits because: (1) subrogation

4

does not apply in this context (the prosecution of a petty traffic offense); (2) the existence of United States Currency may instantly and unquestionably be demonstrated; and (3) the use of all capital letters in listing defendant's name on the charging instrument does not deprive the trial court of jurisdiction over defendant's person or defeat defendant's liability for the offense. For all of the reasons set forth, therefore, the Village asks that we affirm the trial court's judgment.

¶ 14    In this particular case, defendant does not contest the sufficiency of the evidence that was presented at trial to prove him guilty of speeding. Defendant also does not dispute any of the underlying pertinent facts leading up to, and culminating in, the speeding violation. Our role in this case, therefore, is limited to applying the law to the undisputed facts. See *City of Champaign v. Torres*, 214 Ill. 2d 234, 241 (2005). Accordingly, our standard of review is *de novo*. See *id.*

¶ 15    Before we reach the merits of the parties' arguments on appeal, we must first determine whether defendant's sovereign-citizen claims are forfeited, as the Village contends. It is well established that "a reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. To the contrary, a reviewing court is entitled to have the issues before it clearly defined with relevant authority cited and cohesive arguments presented. See *id.*; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. In line with those principles, Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on." An appellant violates Rule 341(h)(7) when he or she fails to elaborate on an argument, fails to cite persuasive authority, or fails to present well-reasoned argument. See *E.R.H. Enterprises*, 2013

5

IL 115106, ¶ 56. Thus, allegations that are vague or that are merely listed in the appellant's brief without explanation or analysis do not satisfy Rule 341(h)(7); nor do citations that merely point to irrelevant authority. See *id.*; *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010).

¶ 16 As has often been stated, the supreme court rules on the content and structure of appellate briefs are not mere suggestions but are compulsory rules to be followed. See, *e.g.*, *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶¶ 17, 20. The purpose of the rules is to require the parties to present clear and orderly arguments to the reviewing court, so that the reviewing court can properly determine and dispose of the issues involved. *Id.* The failure to comply with the requirements of Rule 341(h)(7) with respect to a particular argument results in the forfeiture of that argument on appeal. See *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56; *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010). Strict adherence to the standard set forth in Rule 341(h)(7) is necessary to expedite and facilitate the administration of justice. See *Mielke v. Condell Memorial Hospital*, 124 Ill. App. 3d 42, 48 (1984) (referring to a prior version of the rule wherein the standard referred to was contained in a different paragraph). It is not the function nor the obligation of the appellate court to act as an advocate or to search the record for error. *Id.* at 48-49; *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). That a party represents himself or herself in an appeal without an attorney does not relieve that party of the obligation to follow proper procedure. *Velocity Investments*, 397 Ill. App. 3d at 297-98.

¶ 17 In the instant case, upon reviewing defendant's initial and reply briefs, we find that defendant has failed to properly develop and support his sovereign-citizen claims as required by Supreme Court Rule 341(h)(7). See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56; *Korzen*, 2013 IL App (1st) 130380, ¶ 65 (finding that the defendants had forfeited their claim of a Truth in Lending Act violation because the defendants

had failed to properly develop their arguments on appeal as to that claim). Rather than providing this court with cohesive and well-supported arguments in furtherance of his position, as the supreme court rule requires (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56), defendant makes conclusory statements, with little to no reasoning or explanation, and supports those statements with nothing more than a few dictionary definitions and some basic legal principles culled from mostly federal and out-of-state sources. Defendant makes no attempt to explain how those legal principles would apply in this case or how they would require a reversal of the trial court's judgment. We must conclude, therefore, that defendant has forfeited his sovereign-citizen claims on appeal. See *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56; *Velocity Investments*, 397 Ill. App. 3d at 297.

¶ 18 Having reached that conclusion, we need not address the merits of defendant's sovereign citizen claims. We note, however, that courts that have addressed those or similar types of claims have rejected those claims as not being supported by the law. See, *e.g.*, *Korzen*, 2013 IL App (1st) 130380, ¶¶ 74-78 (rejecting similar sovereign-citizen claims in the context of a mortgage-foreclosure action); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (rejecting similar sovereign-citizen claims in a criminal case). In addition, because we have found that defendant forfeited his claims on appeal by failing to properly develop and support those claims, we do not need to address further the Village's assertion that defendant's sovereign-citizen claims were also forfeited on appeal because defendant either failed to raise, or failed to properly preserve, those claims in the trial court.

¶ 19 B. The Village's Request for Sanctions

¶ 20 As a second matter in this appeal, we must address the Village's request that sanctions be imposed against defendant under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for

7

filing an appeal that was frivolous and was taken for an improper purpose. The Village asserts that sanctions are warranted in this case because defendant's appeal is not reasonably well-grounded in fact, is not warranted by existing law or an extension of existing law, and is an egregious attempt to subvert the legal system. The Village asks, therefore, that we order defendant to pay Rule 375(b) sanctions in the amount necessary to compensate the Village for its reasonable costs and attorney fees resulting from this appeal.

¶ 21    Defendant argues that the Village's request for Rule 375(b) sanctions should be denied. In support of that argument, defendant repeats many of the same sovereign-citizen claims that he has made throughout the course of this appeal.

¶ 22    Supreme Court Rule 375(b) allows a reviewing court to impose sanctions upon a party or a party's attorney for filing an appeal that was frivolous; not taken in good faith; or filed for an improper purpose, such as to harass, delay the proceedings, or needlessly increase costs. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Korzen*, 2013 IL App (1st) 130380, ¶ 87; *Davis v. Davis*, 2019 IL App (3d) 170744, ¶ 24. The purpose of Rule 375 is to condemn and punish the abusive conduct of litigants and their counsel. *Davis*, 2019 IL App (3d) 170744, ¶ 24. Rule 375(b) sanctions may be imposed on self-represented litigants under sufficiently egregious circumstances. *Korzen*, 2013 IL App (1st) 130380, ¶ 87.

¶ 23    To determine whether sanctions are appropriate under Rule 375(b), the appellate court uses an objective standard. *Id.* An appeal is frivolous if it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Bank of America, N.A. v. Basile*, 2014 IL App (3d) 130204, ¶ 51. In other words, an appeal is frivolous if it would not have been brought in good faith by a reasonable, prudent attorney. See *Korzen*, 2013 IL App

8

(1st) 130380, ¶ 87. An appeal is taken for an improper purpose if the primary purpose of the appeal is to delay, harass, or cause needless expense. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Basile*, 2014 IL App (3d) 130204, ¶ 51.

¶ 24 Appropriate sanctions for violations of Rule 375(b) may include ordering the offending party to pay to the other party damages, the reasonable costs of the appeal, and the expenses incurred as a result of the appeal, including reasonable attorney fees. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Korzen*, 2013 IL App (1st) 130380, ¶ 89. The imposition of sanctions under Rule 375 is left entirely to the reviewing court's discretion. *Korzen*, 2013 IL App (1st) 130380, ¶ 87.

¶ 25 In the present case, after reviewing the record and the parties' briefs, we find that defendant's appeal was frivolous and that it was taken for the improper purpose to harass the Village and to needlessly increase the Village's cost of litigation. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Korzen*, 2013 IL App (1st) 130380, ¶ 87; *Davis*, 2019 IL App (3d) 170744, ¶ 24. Indeed, defendant's arguments in this case are not supported by the facts or by any applicable law or an extension thereof. As the appropriate sanction to punish defendant's conduct in this case, we order defendant to pay the Village's reasonable costs and attorney fees resulting from this appeal. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Korzen*, 2013 IL App (1st) 130380, ¶ 89. Although we have not imposed a fine upon defendant at this point as a Rule 375(b) sanction, we are mindful of the considerable amount of time and resources that has been spent on this case by the trial and appellate courts as a result of defendant's improper tactics.

¶ 26 Therefore, based upon our ruling here, we direct the Village's attorney to submit to this court within 14 days after the issuance of this order an affidavit and billing records for her work and expenses on this appeal (and that of her law firm, if applicable) so that we may enter the

9

proper sanctions amount under Rule 375(b). See *Amadeo v. Gaynor*, 299 Ill. App. 3d 696, 706 (1998) (determining the applicable sanctions amount based upon the attorney's affidavit and billing records). Upon receiving that information, we will enter an order specifying the amount due and will allow defendant 14 days thereafter to either pay the Village, through its attorneys, or to challenge the Village's accounting.

¶ 27                                    III. CONCLUSION

¶ 28        For the foregoing reasons, we affirm the judgment of the circuit court of Will County and impose Rule 375(b) sanctions against defendant.

¶ 29        Affirmed; sanctions imposed.