NOTICE
Decision filed 06/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230506-U

NO. 5-23-0506

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CRISTINA MANUEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 19-F-44 |
| | ) | |
| BRIAN SIDES, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (The Department of Healthcare and Family Services, | ) | Anna M. Benjamin, |
| Child Support Enforcement Division, Intervenor). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held:* We dismiss this appeal for lack of jurisdiction because the challenged order is not final and appealable, and none of the issues presented would permit an interlocutory appeal.

¶ 2    This contentious litigation began on February 6, 2019, when Cristina Manuel filed a petition for allocation of parental responsibilities (parenting time and decision-making) regarding the biological minor children of Manuel and Brian Sides in the circuit court of Champaign County. Since that initial case filing, additional cases were opened in Champaign County regarding Manuel, Sides, their common biological children, and Manuel's child, including case 2020-OP-101 and 2020-OP-22, and numerous appeals have been filed with this court.

1

¶ 3    In the present appeal, Sides appeals, *pro se*, from the circuit court's June 15, 2023, order denying his "Motion for Leave to File: Changed Motion to Vacate the August 2, 2022 Orders, Including One that Permanently Separated Respondent from his Biological Children." In addition to denying his motion, the order also assessed sanctions against Sides pursuant to Illinois Supreme Court Rule 137, in an amount to be determined at a later hearing.

¶ 4    For the reasons explained below, we find that the order is not final and appealable where the court had not yet ruled on the amount of sanctions. As we lack jurisdiction over Sides's premature filing, we dismiss the appeal.

¶ 5                                I. BACKGROUND

¶ 6    The parties in the underlying family law case have two children together, both of whom were minors at the commencement of the proceedings. On February 6, 2019, Manuel filed a petition for allocation of parental responsibilities (parenting time and decision-making). The circuit court entered a temporary parenting order on June 17, 2019. On January 22, 2021, following trial, the court entered a memorandum opinion and order on permanent allocation of parental responsibilities (parenting time and decision-making).

¶ 7    Manuel filed an emergency petition to modify or restrict parenting time on April 2, 2021. The court held a two-day hearing, and found that Sides seriously endangered the children's mental and emotional health pursuant to section 603.10 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/603.10 (West 2020)), and temporarily suspended Sides's parenting time. The court entered an order to that effect on June 29, 2021.

¶ 8    Over the next three years, Sides made several filings with the circuit court, including certain correspondence directed to the court clerk which formed the basis for the court's December 20, 2021, order of direct criminal contempt against Sides. Prior to the contempt finding, the court

2

had entered a case management order stating, "Any correspondence or filing that is disrespectful, disruptive, deceitful, abusive, or which obstructs the due administration of justice will lead to sanctions."

¶ 9 On August 18, 2021, Manuel filed a "Motion to Restrict Abusive Litigation," which the court granted on July 19, 2022. In its memorandum opinion and order, the court granted Manuel's request for sanctions in the form of attorney fees and costs pursuant to Illinois Court Rule 137, in an amount to be determined at a later hearing. It also directed Manuel's counsel to file an affidavit of attorney fees. Additionally, the court ordered that Sides must obtain leave of court before filing any motion or pleading in the matter, and any filing must conform to the formatting and length limitations identified in the order.

¶ 10 Between March and May 2023, the parties filed several motions. These included Sides's *pro se* "To Petitioner, A Perpetual Notice to Appear at Hearings"; "Motion for Leave to File: Motion to Disqualify Attorney Jay Ping for Violations of both Criminal Law and Supreme Court Rules which Result in a Conflict of Interest with His Client and Make Progress in this Case Impossible"; and "Motion for Leave to File: Motion for Adjudication of Direct Criminal Contempt of Court." Manuel filed a "Motion to Strike Perpetual Notice for Petitioner to Appear for Hearings and Motion for Sanctions" and an "Objection and Motion to Strike Respondent's Motion Filed April 3, 2023 [to Disqualify Attorney]," which also requested sanctions.

¶ 11 The court ruled on Sides's motion to disqualify attorney and his motion for leave to file petition for adjudication of direct criminal contempt on May 11, 2023. It denied both motions and assessed monetary sanctions against Sides in an amount to be determined. The court directed Manuel's counsel to file an affidavit of attorney fees to be awarded under both orders.

3

¶ 12    At a hearing on May 16, 2023, in addition to ruling on motions in the parties' related order of protection case, the court granted Manuel's motion to strike Sides's "Perpetual Notice for Petitioner to Appear for Hearings" filed in both the underlying case and the order of protection case. The court took Manuel's motion for sanctions under advisement.

¶ 13    Sides appealed from all of these orders in case No. 5-23-0401.[1] We dismissed the appeal for lack of jurisdiction, finding that the circuit court had not decided the amount of sanctions in any of the challenged orders when Sides filed his notice of appeal. The orders were therefore not final and appealable. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a) (eff. July 1, 2017); *Manuel v. Sides*, No. 5-23-0401 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 14    On June 7, 2023, Sides filed a *pro se* "Motion for Leave to File: Changed Motion to Vacate the August 2, 2022 Orders, Including One that Permanently Separated Respondent from his Biological Children." In its June 15, 2023, order, the court denied the motion, sanctioned Sides pursuant to Rule 137 in an amount to be determined, and directed Manuel's counsel to file an affidavit of attorney fees relating to Sides's motion. The basis for the court's sanction was Sides's noncompliance with the court's prior order reprimanding him for making baseless and/or harassing filings. The court specifically stated that the allegations in Sides's proposed motion to vacate were false, misleading, and/or harassing, and that Sides had previously been sanctioned for making similar claims.

¶ 15    Manuel's attorney filed an affidavit of attorney fees in response to the aforementioned order on June 30, 2023. Without waiting for the court to issue its ruling on the amount of sanctions,

[1]His appeal from the court's ruling on the motions in the order of protection case is the subject of a separate appeal, numbered 5-23-0400.

Sides filed his *pro se* notice of appeal in the instant matter on July 14, 2023, appealing from the court's June 15, 2023, order. He claims that this appeal involves a matter subject to expedited disposition pursuant to Illinois Supreme Court Rule 311(a), because the challenged order denies his request to file a motion to vacate a prior order that "permanently separates [Sides] from his biological children, and thus directly and negatively affects [his] parenting time."

¶ 16    In response, Manuel argues that we lack jurisdiction to consider his appeal, because the order was not final and appealable where the circuit court had yet to determine the amount of sanctions imposed against Sides, and no other rules that would otherwise allow for the appeal from this nonfinal order apply.

¶ 17                                    II. ANALYSIS

¶ 18                 A. Jurisdiction Over Appeal of the July 19, 2022, Order

¶ 19    We initially note that, in his appellant's brief, Sides includes extensive argument that the circuit court's July 19, 2022, order imposing certain filing restrictions on his future filings in the case was an improper retaliatory measure against him and prejudiced the merits of his proposed pleadings. Sides has not indicated that he is appealing this order in his notice, nor would such appeal be timely brought.

¶ 20    "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). While we may liberally construe a notice of appeal to review underlying orders from which the order listed on the notice stems, the notice must adequately inform the prevailing parties that the unsuccessful party seeks review. See *People v. Smith*, 228 Ill. 2d 95, 104-05 (2008); *Korogluyan v. Chicago Title & Trust Co.*, 213 Ill. App. 3d 622, 627 (1991) (reviewing court may

5

properly consider an underlying order where the appellant appeals from a motion to reconsider that order and the appellee has adequate notice of the implied request for review).

¶ 21    In the present matter, Sides identifies only the June 15, 2023, order in his notice of appeal. In that order, the circuit court described the conditions it placed on Sides in its July 19, 2022, order, specifically noting that "any request to file a motion or pleading which contains any patently false, misleading, or harassing language, similar to the statements identified in the [July 19, 2022] Memorandum Opinion and Order, will be denied." After providing specific examples, the court found that the allegations in Sides's proposed motion to vacate were "false, misleading, and/or harassing, similar to the claims made by Respondent previously that the Court identified as sanctionable."

¶ 22    In the challenged order, the court laid out its reasoning for sanctioning Sides for seeking to file his motion to vacate. While the court references its prior order admonishing Sides for his improper filings, the basis for the sanction is that he attempted to file false, misleading, and/or harassing claims, and that he had already been sanctioned for similar conduct. Rule 137 grants the court discretion to impose sanctions for precisely such behavior. See *Peterson v. Randhava*, 313 Ill. App. 3d 1, 6-7 (2000) ("[Rule 137] is designed to prohibit the abuse of the judicial process by claimants who make vexatious and harassing claims based upon unsupported allegations of fact or law."). The question of whether the court abused its discretion in imposing conditions on Sides's future filings in this case as a sanction is irrelevant to a review of whether the court erred in its findings that his proposed motion to vacate was sanctionable.

¶ 23    A liberal construction of Sides's notice of appeal does not support the position that the July 19, 2022, judgment is an underlying order to the June 15, 2023, order, such that his failure to include it in his notice of appeal would inform Manuel that he seeks to challenge the former as

6

well as the latter. We therefore find that Sides's notice of appeal fails to confer jurisdiction on this court to review the July 19, 2022, order, and we decline to review it.

¶ 24   Sides's second argument is that the July 19, 2022, order constituted a violation of his due process rights and right to access the courts. This argument is even further removed from the only order Sides identifies in his notice of appeal, and we decline to review it for the reasons given above.

¶ 25                    B. Jurisdiction Over Appeal of the June 15, 2023, Order

¶ 26   Lastly, Sides argues that the June 15, 2023, order was "a function of [*sic*] years'-long pattern of judicial intimidation, harassment, prejudice, or other abuse of office which results in an appearance of impropriety and is judicial abuse warranting redress from this Court." In his jurisdictional statement, he contends that we have jurisdiction over this appeal pursuant to Illinois Supreme Court Rules 301, 303, and 304(b)(6).

¶ 27   He alternately contends that "jurisdiction may be appropriate as an interlocutory appeal."[2] However, he ultimately believes that the challenged order is a final one, because "it is established law that each new motion or petition is treated as a new pleading in a family case and a ruling on that pleading is an order subject to post-trial action via the Code of Civil Procedure." He further argues that it would be unjust to require him to "wait further years for the last order in this case to be entered so that he could then challenge a ruling denying him access to his minor child, a subject of this very appeal."

¶ 28   With certain exceptions, the supreme court rules permit appeals only from final judgments and orders. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a) (eff. July 1, 2017). A final judgment

_____

[2]As Sides does not state why we should consider this an interlocutory appeal, nor did he check the box indicating an interlocutory appeal on his notice of appeal, we decline to consider this jurisdictional argument.

"ascertains and fixes absolutely and finally the rights of the parties in the lawsuit"; it "determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982).

¶ 29     Where a matter involves multiple claims, appeal from a final judgment that resolves some, but not all, of the claims is permissible only if the trial court makes an express written finding that there is no just reason for delaying enforcement, appeal, or both. See *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542-43 (2011); Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) ("an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both").

¶ 30     Furthermore, Rule 303(a)(1) specifically states, in relevant part, that "[a] judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. S. Ct. R. 303(a)(1); see also *Davis v. Davis*, 2019 IL App (3d) 170744, ¶ 21. An order imposing sanctions without specifying the amount, and without a Rule 304(a) finding, is not a final and appealable order. See *Williams Montgomery & John Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶¶ 37-38. In *Broaddus*, the defendant appealed from two orders of the circuit court granting the plaintiff's and a citation respondent's motions for sanctions, respectively. *Id.* ¶ 1. Comparing the two orders, the First District found that the order granting the plaintiff's motion was final and appealable where the circuit court had granted counsel's fee petition and set a specific award of attorney fees and costs. *Id.* ¶ 37. By contrast, the order granting the citation respondent's motion was not a final, appealable order because the court never "tied up the loose end *** by awarding it a specific monetary amount." *Id.* ¶ 38.

8

¶ 31    In the present matter, the circuit court's order imposed sanctions on Sides, in an amount to be determined at a later hearing.[3] The record reflects, and Sides does not dispute, that the circuit court did not make a Rule 304(a) written finding, neither at the time it entered the challenged order, nor at any time thereafter on the motion of the court or either party. Ill. S. Ct. R. 304(a). Sides does not present us with any authority suggesting that we have jurisdiction over this appeal of a nonfinal order.

¶ 32    As a final matter, we note that Sides indicated in his notice of appeal that this appeal involves a matter subject to expedited disposition under Illinois Supreme Court Rule 311(a). Rule 311(a) provides for the accelerated disposition of "appeals from final orders in child custody or allocation of parental responsibilities cases or decisions allowing or denying relocation (formerly known as removal) of unemancipated minors," as well as "interlocutory appeals in child custody or allocation of parental responsibilities cases or decisions allowing or denying relocation (formerly known as removal) of unemancipated minors from which leave to appeal has been granted pursuant to Rule 306(a)(5)." Ill. S. Ct. R. 311(a) (eff. July 1, 2018).

¶ 33    Rule 306(a) allows a party to petition for leave to file an interlocutory appeal from certain orders of the trial court. Ill. S. Ct. R. 306(a) (eff. Oct. 1. 2020). As we previously stated, Sides does not argue that we have jurisdiction over this matter as an interlocutory appeal; furthermore, he has not sought such permission to file. Turning to the remainer of Rule 311(a), we disagree with Sides that we may consider his appeal of the June 15, 2023, order because that order denied him the

_____

[3]Manuel also calls attention to the other pending motions for sanctions in the underlying matter, which the circuit court granted but had yet to determine the amount of sanctions as of the time of this appeal. Sides appealed two such sanctions orders in the aforementioned case of *Manuel v. Sides*, No. 5-23-0401, and, as previously stated, we dismissed the appeal for lack of jurisdiction for the same reason that we dismiss the present appeal.

opportunity to challenge the court's prior judgment, which permanently separated him from his children and thus impacts the allocation of his parental responsibilities.

¶ 34 Firstly, the relevant portion of Rule 311(a) states that it applies to appeals from final orders, which, as we have discussed above, this is not. Secondly, while the underlying matter is a family law case, the order from which Sides appeals does not address parental responsibilities or the apportionment of parenting time. It is not enough for Sides to appeal from an order entered in a family law case involving unemancipated minor children and say that the order necessarily involves a determination of parental rights and responsibilities. Lastly, the order that Sides claims he sought to vacate in filing his motion that the circuit court denied in its June 15, 2023, order was an order entered on August 2, 2022, in the separate order of protection case between the parties. The two matters have not been consolidated. The order in question extended the plenary order of protection that Manuel obtained against Sides, and added the parties' two children as additional protected parties. This order does not concern the underlying family law case, and therefore cannot be a basis for considering Sides's appeal pursuant to Rule 311(a). Therefore, we find that Sides incorrectly indicated that this appeal involves a matter subject to expedited disposition under Illinois Supreme Court Rule 311(a).

¶ 35                        III. CONCLUSION

¶ 36 For the reasons stated, we lack jurisdiction to consider the present appeal, and must therefore dismiss it.

¶ 37 Appeal dismissed.